IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON L. UPCHURCH,<br>Plaintiff<br><br>vs<br><br>CARDINAL CULINARY SERVICES,<br>LLC, WESTERN GECO, And<br>ARIES MARINE CORPORATION,<br>Defendants | § § § § § § § § § § | CIVIL ACTION NO. 4:11-CV-550<br><br>Pursuant to Rule 9(h) of<br>the Federal Rules of<br>Civil Procedure-ADMIRALTY |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONROABLE JUDGE OF SAID COURT:

NOW COMES, JASON L. UPCHURCH, (hereinafter referred to as "Plaintiff"), complaining of CARDINAL CULINARY SERVICES, LLC, WESTERN GECO, AIRES MARINE CORPORATION. (hereinafter referred to as "Defendants"), and, for cause of action would respectfully show unto this honorable Court the following:

I.

Plaintiff, JASON L. UPCHURCH, is a citizen and resident of Galveston, Galveston County, Texas however the accident/incident made the basis of this suit occurred onboard a vessel in the Gulf of Mexico.

Defendants, CARDINAL CULINARY SERVICES, LLC, is a limited liability corporation which does business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent:

CARDINAL CULINARY SERVICES, LLC
Mr. Michael Robinson
1909 Capri Lane
Seabrook, Texas 77586

Defendant, **WESTERN GECO**, is a company which does business in the State of Texas for the purpose of accumulating monetary profit, but this does not have a registered agent, therefore this Defendant may be served with process through its registered agent:

> **WESTERN GECO**
> Mr. Amar Hashan
> 10001 Richmond Avenue
> Houston, Texas 77042

Defendant, **ARIES MARINE CORPORATION**, was the owner/operator of the vessel **M/V KYLIE WILLIAMS** and does business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent:

> **ARIES MARINE CORPORATION**
> Mr. John T. Kipp
> 1500 Diamond Shamrock Tower
> Dallas, Texas 75201

## II.

This is a case of admiralty and maritime jurisdiction, as hereinafter more fully set forth below. This is an admiralty and maritime claim within the meaning of Rule 9(h) and the Plaintiff makes his election for a trial by jury on all his claims.

## III.

Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) and (c) in that the Defendants do business in the Southern District of Texas. Venue is proper in the Southern District of Texas because the incident made the basis of this claim occurred while Claimant was working onboard a vessel in the Gulf of Mexico, off the coast of Galveston, Texas, and the Defendants do business and have offices within the Southern District of Texas.

IV.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. §688 and pursuant to the admiralty and general maritime laws of the United States. As such, pursuant to Title 28 U.S.C. §1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefore; and requests a trial by jury on all his claims.

V.

At the time material hereto, Defendant, **ARIES MARINE CORPORATION** was the owner and/or operator of **M/V KYLIE WILLIAMS**, a vessel operating on navigable waters of the Untied States of America. Defendant, **WESTERN GECO** was conducting 3D operations aboard the vessel **M/V KYLIE WILLIAMS** and it is believed had a charter/lease for the vessel **M/V KYLIE WILLIAMS** at the time of the incident involving the Plaintiff.

VI.

At all times material, Plaintiff was aboard the **M/V KYLIE WILLIAMS** as an employee of the Defendant, **CARDINAL CULINARY SERVICES, LLC** and was acting within the course and scope of his employment as a galley hand and in the service of said vessel.

VII.

On or about March 10, 2009, as Plaintiff was performing his regular duties while in the service of the vessel, Plaintiff severely injured his right hand, as well as other parts of his body. The Plaintiff's injuries were caused when the boat rocked during rough seas while he was entering a stairwell on his way to the kitchen causing the door he had opened to close shut on his right hand. Plaintiff's injuries were a result of a defective door closer that allowed the door to

close too fast. The negligence of the Defendants, their agents, servants and/or employees and/or was legally caused by the unseaworthiness of the **M/V KYLIE WILLIAMS**.

### VIII.

On or about April 11, 2008, Plaintiff was an employee of Defendant, **CARDINAL CULINARY SERVICES, LLC** and member of the crew of vessel **M/V KYLIE WILLIAMS** owned and operated by Defendant, **ARIES MARINE CORPORATION**, and chartered/leased by Defendant, **WESTERN GECO**. While Plaintiff was performing duties in that vessels service, Defendants failed in their duty to provide Plaintiff with a safe and seaworthy vessel on which to work.

### IX.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries as described above. As a result of said injuries, Plaintiff has required medical care which was only partially provided and is currently denied by the Defendants, and will require medical care in the future. Further, the Plaintiff has been unable to work as a result of his injuries, and maintenance benefits were initially paid by the Defendant, but were suspended before the Plaintiff was able to return to his previous occupation. Plaintiff will also suffer a loss of wage earning capacity in the future. Additionally, as a result of the injuries sustained in the occurrence of April 11, 2008, Plaintiff has suffered in the past, and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## X.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## XI.

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendants had, and continue to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum cure and that his disability continues. Defendants initially made payment but have unreasonably suspended payment for maintenance and cure. As a result of the Defendant's failure to pay and/or suspended payment of the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of punitive damages and attorney's fees for which he now sues, in addition to all other relief sought; and a trial by jury on all his claims.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **JASON L. UPCHURCH** prays for judgment against Defendant, **CARDINAL CULINARY SERVICES, LLC, WESTERN GECO,** and **ARIES MARINE CORPORATION** for all costs of Court, and for all such other and further relief, at law and in equity, to which me may be justly entitled.

Respectfully Submitted,

**DENNIS L. ROWN, P.C.**

s:/ Dennis L. Brown
**DENNIS L. BROWN**
State Bar No. 03112650
**MIKE N. COKINS**
State Bar No. 04527500
24 Greenway Plaza, Suite 1818
Houston, Texas 77046
(713) 623-8999 Telephone
(713) 623-0756 Facsimile

**ATTORNEYS FOR PLAINTIFF**