IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON L. UPCHURCH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CARDINAL CULINARY SERVICES, LLC, WESTERN GECO, and ARIES MARINE CORPORATION, | § § § § | CIVIL ACTION 3:11-CV-00087<br><br>Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure - ADMIRALTY |
| Defendants. | § § § | |

## DEFENDANT CARDINAL CULINARY SERVICES, LLC'S ORIGINAL ANSWER

TO THE HONORABLE OF SAID COURT:

Defendant Cardinal Culinary Services, LLC ("Cardinal" or "Defendant") files this Original Answer to Plaintiff Jason L. Upchurch's ("Upchurch" or "Plaintiff") Original Complaint. In support of this Original Answer, Cardinal respectfully shows the Court as follows:

Answer to Specific Numbered Sections

1. In response to the first paragraph of Section 1 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

2. In response to the second paragraph of Section 1 of the Original Complaint, Defendant admits these allegations.

3. In response to the third paragraph of Section 1 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

4. In response to the fourth paragraph of Section 1 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

5. In response to Section 2 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

6. In response to Section 3 of the Original Complaint, Defendant admits that it does business and has an office within the Southern District of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

7. In response to Section 4 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

8. In response to Section 5 of the Original Complaint, Defendant lack knowledge or information sufficient to form a belief about the truth of these allegations.

9. In response to Section 6 of the Original Complaint, Defendant admits that Plaintiff was an employee of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

10. In response to Section 7 of the Original Complaint, Defendant denies that it, its agents, servants, and/or employees were negligent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

11. In response to Section 8 of the Original Complaint, Defendant denies that it failed in its duties to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

12. In response to Section 9 of the Original Complaint, Defendant denies that it denied or failed to provide Plaintiff with any obligation which Defendant owed Plaintiff. Defendant admits that it paid maintenance benefits to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

13. In response to Section 10 of the Original Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

14. In response to first paragraph of Section 11 of the Original Complaint, Defendant denies that it owes Plaintiff any duty for which it has not complied. Defendant further denies that it acted unreasonably, arbitrarily, capriciously, willfully, callously and persistently Defendant denies that Plaintiff is entitled to punitive damages, attorneys' fees, or any other relief from Defendant. Defendant admits that it paid maintenance and cure benefits to Plaintiff. Defendant lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

15. In response to the second paragraph of Section 11 of the Original Complaint, Defendant denies that Plaintiff's claims have merit and that Plaintiff is entitled to judgment or relief against Defendant.

<u>Affirmative Defenses</u>

16. Plaintiff fails to state a claim upon which relief can be granted.

17. Plaintiff's injuries, if any, and damages, if any, were caused, in whole or in part, by Plaintiff's own acts or omissions. Accordingly, Plaintiff's damages, if any, should be diminished by his comparative fault.

18. Plaintiff's injuries, if any, and damages, if any, were caused, in whole or in part, by previously existing or subsequently occurring injuries, illness, or other bodily conditions of Plaintiff for which Defendant is not responsible.

19. Plaintiff's injuries, if any, and damages, if any, were caused by a party or parties over whom Defendant had no control and for whom Defendant had no responsibility.

20. Plaintiff's injuries, if any, and damages, if any, were caused by an unavoidable accident, act of God, and/or conditions of tide, wind, weather or other inevitable hazards or apparels of the sea and/or by inscrutable fault.

21. Plaintiff has failed to mitigate his damages, if any.

22. Plaintiff is not entitled to punitive damages under the applicable law.

23. Plaintiff's causes of action are barred by the applicable statutes of limitation.

24. To the extent that payments have been made to or on behalf of Plaintiff as maintenance and cure, Defendant asserts that it is entitled to a credit for any such payments, in the event that a judgment is rendered against it in favor of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, on final trial and hearing hereof, that the court enter its judgment that Plaintiff take nothing from Defendant, that Defendant recover its costs herein and have such other and further relief, general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

By   /s/ Harold K. Watson
    Harold K. Watson
    Southern District No. 4346
    State Bar No. 20938500
    600 Travis Street
    2800 JPMorgan Chase Tower
    Houston, Texas 77002-3095
    Phone: (713) 226-1449
    Fax: (713) 223-3717

**ATTORNEY IN CHARGE FOR DEFENDANT CARDINAL CULINARY SERVICES, LLC**

OF COUNSEL:
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street
2800 JPMorgan Chase Tower
Houston, Texas 77002-3095
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via hand delivery, facsimile and/or certified mail, return receipt requested on the following counsel of record, on this 16th day of May, 2011.

Dennis Brown
Mike Cokins
Dennis Brown, P.C.
24 Greenway Plaza, Suite 1818
Houston, Texas 77046
(713) 623-0756 Facsimile

                                                /s/ Harold K. Watson
                                                Harold K. Watson