IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JASON L. UPCHURCH § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-087 |
| § | |
| CARDINAL CULINARY SERVICES, LLC, § | |
| WESTERNGECO and § | |
| ARIES MARINE CORPORATION § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of Defendants WesternGeco, LLC and Aries Marine Corporation; the Motion argues for the dismissal of the claims for Jones Act negligence, unseaworthiness and maintenance and cure asserted against them by Plaintiff, Jason L. Upchurch, on the premise that Upchurch was not a seaman at the time of his alleged injury. After consideration of the Parties' submissions and arguments the Court will deny the Motion.

The Court sees no need to repeat the well-established summary judgment calculus except to emphasize that, at this juncture, it must believe the nonmovant's evidence and draw all justifiable inferences from that evidence in the nonmovant's favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and it must avoid any credibility determinations. Dibidale of La., Inc. v. American Bank & Trust Co., 916 F.2d 300, 307-08 (5th Cir. 1990)

Upchurch has worked as a cook/galleyhand on various vessels owned by various companies since 1995. When Upchurch accepted the assignment as cook aboard the vessel M/V KYLIE WILLIAMS, he reasonably believed the job assignment would last approximately one year. During each of his tours of duty aboard the KYLIE WILLIAMS, Upchurch also performed several

"regular seaman duties" and, in his opinion, was treated by the vessels' officers and crew members as part of the crew. At the time of his alleged injury, Upchurch was partway through his second scheduled 35-day tour of duty aboard the KYLIE WILLIAMS. Under these circumstances a reasonable jury could find: 1) that Upchurch's duties contributed to the function of the KYLIE WILLIAMS or the accomplishment of its mission, which the Defendants do not contest; and 2) that Upchurch had a substantial connection to the KYLIE WILLIAMS in terms of both its duration and its nature. Cf. Joseph v. Marine Management Contractors, 2007 WL 1964327 (S.D. Tex.) (citing Chandris v. Latsis, 515 U.S. 347, 368 (1995)

It is, therefore, the **ORDER** of this Court that "Defendants WesternGeco, LLC and Aries Marine Corporation's Motion for Summary Judgment" (Instrument no. 44) is **DENIED**.

**DONE** at Galveston, Texas, this ___24th___ day of May, 2012.

John R. Froeschner
United States Magistrate Judge